**GOLDBERGER FOODS, INC., and Liberty Mutual Insurance Company, Relators,**

v.

**Mary Ann LEWIS, Respondent.**

**No. CX–84–2007.**

Supreme Court of Minnesota.

May 17, 1985.

William M. Bradt, St. Paul, for relators.

John L. Weyland, Minneapolis, for respondent.

KELLEY, Justice.

The employer-insurer seek review of an order issued by a divided Workers' Compensation Court of Appeals panel granting employee's petition to vacate an award on stipulation, contending that the panel majority erred in holding that the award should be vacated on the ground of mistake. We have concluded that this decision was, under the circumstances of this case, an abuse of discretion, and we reverse and

remand the matter so that the WCCA may again consider the issue after an evidentiary hearing.

The facts pertaining to employee's claims of work-related neck and back injuries, and the terms of the parties' settlement, are set forth in *Krebsbach v. Lake Lillian Co-op. Creamery Ass'n.*, 350 N.W.2d 349, 352 (Minn.1984) and will not be repeated. In that case the WCCA, in response to employee's petition, had set aside the award on stipulation after concluding that employee " 'demonstrated a prima facie case that the stipulation was not fair and unreasonable.' " *Id.* at 352. We held that the WCCA's order did not reveal a reasonable basis for setting aside the award and found also after review of the record that it disclosed no allegations or evidence which would support a finding of "cause," required by Minn.Stat. § 176.461 (1982) and defined in our prior decisions as including fraud, mistake, newly discovered evidence, and substantial change in the employee's condition. *Id.* at 353–55. We remanded for a consideration of whether there was cause, as so defined, to set aside the award on stipulation. *Id.* at 355.

The WCCA then scheduled a hearing on this issue although employee did not amend her petition or file a new one. On September 20, 1984, she did file a report from her attending physician, dated September 14, 1984, in which the physician stated that employee has continued to receive medical treatment and that her physical findings continued to be basically the same, although both her neck and low back condition had been aggravated by an accident in November 1983. The physician also said that employee has a chronic cervical strain, a chronic pain syndrome, and a dependence on pain-relieving medications.

On the date of the hearing, employee also furnished an affidavit in which she averred that the settlement, which had been negotiated in July 1982, closed out all future claims for all types of benefits, including medical; that she then had medical bills of $2,130 which she thought were going to be paid by the insurer in addition to the $5,000 settlement; that she has continued to incur medical expenses; that she learned after the settlement that her "accrued benefits" at that time amounted to $21,239.27 for temporary total disability benefits, $10,434.90 for permanent partial disability benefits, and the medical bill of $2,130.25; that she also would have been entitled to retraining or rehabilitation benefits because she could not return to her former job; and that, because she was financially destitute by July 1982, she agreed to settle "under the mistaken belief that my past medical bills would be paid and all future medical treatment would be paid for by the employer/insurer." She averred also that she has required continuing medical treatment, has taken "constant pain medication" since the date of her injury, and has become dependent on drugs, and that she believed that her reliance on them, "together with my severe financial hardship may have impaired my judgment while my claim was pending and when I was asked by my attorney if I would settle for $5,000."

In spite of the fact that employee had been represented by counsel when she entered the settlement and did not claim before October 1984 that she had not understood its terms, and without permitting the employer-insurer an opportunity to furnish further evidence concerning the circumstances surrounding the execution of the settlement, the majority of the WCCA panel ordered the award on stipulation to be set aside on the ground of mistake. The stated ground for vacation was that employee had shown that she had misunderstood the terms of the settlement and had believed the insurer would pay both her past and future medical expenses. We agree with the dissenting member of the panel that employee did not make a strong showing of mistake, particularly in light of the facts that she was represented by counsel and has never claimed that she did not receive legal advice from him. *Cf. Schmidt v. DeBough Manufacturing Co.*, (WCCA, filed September 17, 1984), *aff'd. without opinion* (Minn., filed April 10, 1985) (holding that similar unsupported

averments by an employee who had also been represented by counsel at the time of settlement did not constitute a sufficient showing of mistake). However, we have repeatedly recognized that the WCCA is vested with broad discretion in determining whether to set aside an award, so we would be reluctant to hold that the order under review was an abuse of that discretion if the employer-insurer had been given the opportunity to present evidence concerning the assertions made by employee.

■ The employer-insurer did not receive that opportunity because employee did not comply with the rule of practice which implements section 176.461; specifically, 1983 Minn.Rule 5220.7000. That rule contemplates that affidavits in support of a petition to vacate an award are to be filed and served on other parties when the petition is filed. Moreover, the rule provides for the filing of counteraffidavits at least 2 days before the date of the hearing.[1] In obvious disregard of the rule, employee's affidavit was furnished on the date of hearing, depriving the employer-insurer of prior notice of its contents and of the opportunity to file counteraffidavits. Basic fairness requires that parties opposed to a petition to vacate an award receive that opportunity.

■ The rule does not of course require that parties be furnished an evidentiary hearing when one petitions for vacation of an award. This seems reasonable in light both of the relief sought and of the potential administrative burden if such a hearing were always required. However, in this controversy, which has now come before us for a second time, we have concluded that it would be in the best interests of the parties to schedule an evidentiary hearing at which employee and any other witnesses the parties call may testify and undergo cross-examination, in order to furnish the WCCA an adequate basis on which to determine whether cause exists for setting aside the award.

We reverse and remand for further proceedings in accordance with this opinion.

Reversed and remanded.

---

1. 1983 Minn.Rule 5220.7000 provides:

    Subpart 1. **Discretion of court.** Petitions to vacate awards or orders, and for rehearings, must be filed with the Court of Appeals within a reasonable time after the petitioner has obtained knowledge of the facts constituting the grounds upon which they are based.

    Subp. 2. **Requirements.** Petitions to vacate awards or orders, and of rehearings, shall be verified and accompanied by supporting affidavits and/or medical reports. Sufficient copies shall be filed with the Court of Appeals for service upon the other parties. Such petitions shall set forth in detail the grounds upon which they are based, and shall show:

    A. that certain material evidence not available at the time of the hearing or settlement is now available; or

    B. proof of a change in condition material to the issue involved; or

    C. any other showing that a rehearing is in the best interest of justice.

    A transcript of the testimony taken before the compensation judge or other presiding official, or so much thereof as may be necessary to present the question involved in such petition, shall accompany the petition.

    Subp. 3. **Counter-affidavits.** Counter-affidavits to be presented shall be served upon opposing counsel and filed with the Court of Appeals at least two days before the date of hearing on the petition. Rebuttal affidavits may be served upon opposing counsel and filed at any time before the hearing.

    The Court of Appeals may, in its discretion, deny such petitions without hearing thereon, or may require the petitioner to submit further proof before acting upon them.